UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACKIE KENNEDY CONTRACTED; GIAH J.
DEFRANCO/LENINGER; RICHARD E.
LININGER,

                     Plaintiffs,

          -against-

COLE BAKER, *et al.*,

                     Defendants.

20-CV-6509 (CM)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiffs brings this action *pro se*. To proceed with a civil action in this Court, Plaintiffs must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, each Plaintiff must submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiffs submitted an IFP application, but it is unclear which Plaintiff completed the application, and, in any event, the responses on the IFP application do not establish that the Plaintiff who completed the form is unable to pay the filing fees. Though the complaint and IFP application are confusing, this action appears to have been brought by three Plaintiffs. "Jackie Kennedy Contracted," "Giah J. DeFrano/Lininger," and "Richard E. Lininger" are listed in the caption of the complaint and the complaint appears to be signed by three individuals.[1] (*See* ECF No. 2.) The caption to the IFP application, however, lists as Plaintiffs the following: "United States Military Marines Contract. Name. Brenda Debbie Morales changed to Giah JDL real name, Jackie Kennedy

---

[1] Only Richard E. Lininger, however, is listed as a Plaintiff in the "Parties" section of the complaint form. (ECF No. 2, at 3.)

– emolument- Legal." (ECF No. 1.) Plaintiffs submitted only one IFP application, and it is signed by only one Plaintiff. Each Plaintiff seeking to proceed IFP must submit an IFP application.

The IFP application that was submitted is insufficient. In response to the question of whether Plaintiff is currently employed, he writes, "classified: motion to dismiss" and states that the name of his employer is "Dave Adams – Junior Enlisted."[2] (ECF No. 1, at 1.) Plaintiff lists his gross monthly pay as "classified." (*Id.*) When asked to state his sources of income, he writes, "waiting to be discharged. money is kept by handler" and that a "person I live with: gives me 150.00 monthly." (*Id.* at 2.) In response to the question asking him to describe any assets he owns, Plaintiff writes, "classified I do – but due to the operation no." (*Id.*) And regarding his regular monthly expenses, Plaintiff writes, "Yes: actor to the Gap Status." (*Id.*) Because Plaintiff fails to supply sufficient information about his income, expenses, and any assets he may have, the Court is unable to conclude that Plaintiff is unable to afford the filing fees.

Accordingly, within thirty days of the date of this order, Plaintiffs must either pay the $400.00 in fees or each Plaintiff must submit an IFP application. If Plaintiffs choose to submit IFP applications, each Plaintiff must submit his own IFP application in which each Plaintiff clearly states his name and fully answers each applicable question by providing facts to establish that each Plaintiff is unable to pay the filing fees. Each IFP application should be labeled with docket number 20-CV-6509 (CM).

If the Court grants a Plaintiff's IFP application, that Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If any Plaintiff fails to submit a completed IFP application, the Court will, without prejudice, dismiss that Plaintiff from the action.

---

[2] Because Richard Lininger is the only Plaintiff for whom an address and phone number are provided in the complaint, the Court assumes for the purposes of this order that the IFP application was submitted by male, and therefore uses the male pronoun.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff Richard E. Lininger at 348 East King Street, Chambersburg, PA 17201, and note service on the docket. No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If any Plaintiff fails to comply with this order within the time allowed, that Plaintiff will be dismissed from action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 4, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge