UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKIE KENNEDY CONTRACTED; GIAH J. DEFRANCO/LININGER; RICHARD E. LININGER,

                      Plaintiffs,

-against-

THE FRANKLIN COUNTY STATE OF PENNSYLVANIA NO 8; CHAMBERSBURG POLICE DEPARTMENT; OFFICER COLE BAKER; JOSEPH JOHNSON; ANITA RHODES; DWAYNE MALLET,

                      Defendants.

20-CV-6509 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, a resident of Franklin County, Pennsylvania, is proceeding *pro se*. He invokes the Court's diversity of citizenship jurisdiction, alleging that defendants violated his rights. By order dated October 13, 2020, the Court granted Plaintiff Richard E. Lininger's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

---

[1] The caption to the complaint appears to list three plaintiffs. The original IFP application that accompanied the complaint listed as plaintiffs the following: "United States Military Marines Contract. Name. Brenda Debbie Morales changed to Giah JDL real name, Jackie Kennedy – emolument- Legal." (ECF No. 1). By order dated September 4, 2020, Chief Judge McMahon directed that Plaintiffs either pay the $400.00 in fees required to bring a civil action in this Court or, if multiple plaintiffs were bringing the action, each Plaintiff was directed tomust submit his own IFP application in which each Plaintiff clearly stated his name and provide answers to all applicable questions. (ECF No. 3.) On October 2, 2020, the Court received a completed and signed IFP application from Richard E. Lininger. (ECF No. 4.) Because Richard Lininger is the only plaintiff for whom the Court has granted IFP status, the Court uses the singular "Plaintiff" for the purposes of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings his claims using the Court's general complaint form. He writes on the cover page, "I do motion to appeal the plea upon treason of the State of Pennsylvania Chambersburg Police [D]epartment – court of common pleas" and, "probation officer = who acted to un[u]sual and cruel – to twice [p]ut life or limb in jeopardy – Faith: Jewish: Article 4 section 2 sued by United States marshal." (ECF No. 2, at 1.)

Plaintiff lists as defendants Chambersburg (Pennsylvania) Police Department Officer Cole Baker; Joseph Johnson, whom Plaintiff describes as "unknown – incurred validity of the public debt at his address"; Franklin, Pennsylvania resident Anita Rhodes; and Dwayne Mallet, for whom Plaintiff does not provide an address. (*Id.* at 4.) Plaintiff also lists the "Franklin County State of Pennsylvania no 8" and the "Chambersburg police department" as defendants in the caption of the complaint, though they are not included in the list of defendants, and it is unclear whether they are intended as separate defendants. (*See id.* at 1, 4-5.)

Plaintiff checks the box invoking the Court's diversity of citizenship jurisdiction, and in the section of the form asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Article 1 section 10 laws – impaired contracts; Article 4 section 2 – upon services to escape into another New York no 6. Bill of Rights – compelled to be own wittness[sic] infringed free state." (*Id.* at 2.)

In the "Facts" section of the complaint form, Plaintiff writes,

> Violation of our United States Constitutional Rights – Mr. Richard E. Lininger has been bodily harmed there are witnesses who carries a concealed weapon a young man name Josh mother Angie. Mr. Lininger [illegible] is constantly acting his omitted role as his tenant to his own home – me safehouse – ingress egress loitering in front of their and our properties they come – trespass onto the private government property without our consent. They list both Mr. Richard E. Lininger and I Jackie Kennedy contract Giah J. DeFranco/Lininger.

(*Id.* at 5.)

In the section of the form to describe his injuries, Plaintiff writes, "no – but I'm so concerned they will kill him he is elderly – this is why I acted under the supervision of Retired Jim Brown of the Counsel of the free state." (*Id.* at 6.) As relief for his injuries, Plaintiff writes, "That the owners were given written letter by Mr. Richard E. Lininger that they should evict their tenant due to the court security." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

4

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated:   October 13, 2020
        New York, New York

                                                  *Louis L. Stanton*
                                                  LOUIS L. STANTON
                                                       U.S.D.J.